**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(Camden Vicinage)**

JEANETTE SNOW, and MITCHELL SNOW,
as Executor of the ESTATE OF BARBARA SNOW,

*Plaintiffs,*

v.                                                        Civil Action No.

HARRAH'S ATLANTIC CITY OPERATING
COMPANY, LLC,

*Defendant.*

## PLAINTIFFS' INITIAL COMPLAINT AND DEMAND FOR JURY TRIAL

### I.        INTRODUCTION

This is a civil action brought by Plaintiff Jeanette Snow (hereinafter referred to as "Plaintiff J. Snow"), in her individual capacity, and by Mitchell Snow, as executor of the estate of Plaintiff J. Snow's sister-in-law, Barbara Snow (hereinafter referred to as the "Estate of Barbara Snow"), under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., to redress discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

### II.       PARTIES

1. Plaintiff Jeanette Snow is an individual residing at 6 Peter Cooper Road, Apt. 13E, New York, New York 10010.

2. Plaintiff Mitchell Snow is the duly appointed Executor of the Estate of Barbara Snow, and resides at 6 Peter Cooper Road, Apt. 13E, New York, New York 10010.

3. Defendant Harrah's Atlantic City Operating Company, LLC owns, leases, or operates the Harrah's Resort Atlantic City (also known as Harrah's Resort & Casino), a place of public accommodation located at 777 Harrah's Blvd, Atlantic City, New Jersey 08401. Defendant may be served through its registered agent, Corporation Service Company, Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, New Jersey 08628.

## III.    JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C.A. § 1331, district courts retain "original jurisdiction of all civil actions arising under the ... laws ... of the United States." 28 U.S.C. § 1331. This action arises under the laws of the United States, specifically Title III of the Americans with Disabilities Act. This action arises under federal law, and thus gives this Honorable Court subject matter jurisdiction.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in this district, and the Defendant operates a place of public accommodation within this district.

## IV.    STANDING

6. "To establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d

351 (1992)). Plaintiffs satisfy all three (3) requirements to have standing under the ADA. Plaintiff J. Snow and the deceased, represented herein by the Estate of Barbara Snow, have disabilities within the meaning of the ADA, both suffered an injury in fact, caused by the Defendant, and the injuries are likely to be redressed by judicial relief.

## V.    BACKGROUND

7. On or around June 13, 2023, Plaintiff J. Snow booked two (2) rooms at the Harrah's Resort Atlantic City (also known as Harrah's Resort & Casino) for a stay from September 1, 2023 to September 2, 2023. One room was for herself and her husband, and the other was for her now-deceased sister-in-law.

8. Upon information, belief, and documentation, in the booking, Plaintiff J. Snow made clear that there were specific requisite accommodations that would need to be completed for a livable stay in both rooms.

9. Specifically, Plaintiff J. Snow made clear that there was a severe allergy, specifically that to down feather pillows, mattresses, comforters, and other bedding supplies often utilized in hotel rooms, for the room that Plaintiff J. Snow was to share with her husband.

10. Specifically, Plaintiff J. Snow made clear that the room that her now-deceased sister-in-law, Barbara Snow, would be staying in required specific accommodations for an individual utilizing a wheelchair.

11. Upon information and belief, prior to the attempted access date, Defendant did not inform either Plaintiff J. Snow or the now-deceased Barbara Snow that such accommodations were unavailable due to lack of access to specific items or materials, overbooking, or supply chain issues.

12. Plaintiff J. Snow and the Estate of Barbara Snow had no reason to believe that such accommodations would not be made prior to the date of access.

13. Plaintiff J. Snow requested a refund for the rooms that she had booked for herself, her husband, and the now-deceased Barbara Snow. Upon information and belief, Defendant refused to provide her with such refund.

14. Plaintiff J. Snow and the Estate of Barbara Snow bring this action to find relief under Title III of the ADA. As both claims derive from the same set of facts, circumstances, or occurrence, Plaintiff J. Snow and the Estate of Barbara Snow combine their claims into one pleading in order to further judicial efficiency.

## VI.   FACTUAL ALLEGATIONS – SPECIFIC TO PLAINTIFF J. SNOW

15. Plaintiff J. Snow has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and requires specific accommodations due to such. Plaintiff J. Snow has a severe down feather allergy, which can be triggered severely by the presence of poultry feathers, including those in pillows.

16. Defendant owns, leases, or operates a place of public accommodation as defined under 42 U.S.C. § 12181. Specifically, Defendant owns, leases, or operates the Harrah's Resort Atlantic City (also known as Harrah's Resort & Casino), located at 777 Harrah's Blvd, Atlantic City, NJ 08401. Defendant is subject to the requirements of Title III of the ADA.

17. On or around September 1, 2023, Plaintiff J. Snow attempted to access Defendant's premises located at 777 Harrah's Blvd, Atlantic City, NJ 08401, but was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations due to the refusal of Defendant or Defendant's employees/representatives

to ensure that Plaintiff J. Snow's pillows, comforter, and other applicable bedding set items had a down-feather-free accommodation.

18. Upon information, belief, and documentation, Plaintiff J. Snow had clearly and competently communicated such requirements and allergy to the Defendant and/or Defendant's employees/representatives prior to the aforementioned date of attempted access, including the severity of Plaintiff J. Snow's allergy.

19. Defendant failed to make reasonable modifications in policies, practices, or procedures necessary to afford Plaintiff J. Snow access to its goods, services, facilities, privileges, advantages, or accommodations as required under 42 U.S.C. § 12182(b)(2)(A)(ii), without demonstrating that such modifications would fundamentally affect the nature of the public accommodation. 42 U.S.C. § 12182; 42 U.S.C. § 12188, *George v. Hobby Lobby Stores, Inc.*, 769 F. Supp. 3d 537 (E.D. La. 2025). Defendant failed to make a simple accommodation for Plaintiff J. Snow, where such accommodations were readily achievable under 42 U.S.C. § 12182(b)(2)(A)(iv).

20. As a result of Defendant's actions and omissions, Plaintiff J. Snow has suffered and continues to suffer harm, including but not limited to, embarrassment, frustration, and monetary loss.

## VII. FACTUAL ALLEGATIONS – SPECIFIC TO ESTATE OF BARBARA SNOW

21. The deceased, Barbara Snow, had a disability within the meaning of the ADA, 42 U.S.C. § 12102, and required specific accommodations due to such. The Estate of Barbara Snow represents that the deceased utilized a wheelchair, and could not feasibly use points of access that did not have a ramp, elevator, or other device to accommodate the wheelchair.

22. Defendant owns, leases, or operates a place of public accommodation as defined under 42 U.S.C. § 12181. Specifically, Defendant owns, leases, or operates the Harrah's Resort Atlantic City (also known as Harrah's Resort & Casino), located at 777 Harrah's Blvd, Atlantic City, NJ 08401. Defendant is subject to the requirements of Title III of the ADA.

23. On or around September 1, 2023, the deceased, Barbara Snow, attempted to access Defendant's premises located at 777 Harrah's Blvd, Atlantic City, NJ 08401, but was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations due to the refusal of Defendant or Defendant's employees/representatives to provide a room that was wheelchair accessible, including but not limited to access to wheelchair ramps and a room with appropriate accommodations for those utilizing wheelchairs including but not limited to restroom facilities, bed height, and countertop height, where the deceased had clearly and competently communicated such requirements and disability to the Defendant and/or Defendant's employees/representatives prior to the aforementioned date of attempted access, including the requirement for a wheelchair-accessible room/accommodation.

24. Defendant failed to make reasonable modifications in policies, practices, or procedures necessary to afford the deceased, Barbara Snow, access to its goods, services, facilities, privileges, advantages, or accommodations as required under 42 U.S.C. § 12182(b)(2)(A)(ii), without demonstrating that such modifications would fundamentally alter the nature of the public accommodation. 42 U.S.C. § 12182; 42 U.S.C. § 12188; *George v. Hobby Lobby Stores, Inc.*, 769 F. Supp. 3d 537 (E.D. La. 2025). Defendant failed to make a simple accommodation for the deceased, Barbara Snow, where such accommodations were readily achievable under 42 U.S.C. § 12182(b)(2)(A)(iv).

25. As a result of Defendant's actions and omissions, the Estate of Barbara Snow claims that the deceased suffered harm, including but not limited to, denial of access, humiliation, frustration, and embarrassment.

## VIII.   CAUSE OF ACTION - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12181 et seq.) BY PLAINTIFF J. SNOW

26. Plaintiff J. Snow incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

27. Defendant's acts and omissions constitute discrimination against Plaintiff J. Snow on the basis of disability in violation of Title III of the ADA (42 U.S.C. § 12182) by denying Plaintiff J. Snow full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

28. Defendant's failure to make reasonable modifications in policies, practices or procedures and its failure to remove barriers where readily achievable further violate Title III of the ADA.

29. Plaintiff J. Snow is entitled to equitable relief requiring Defendant to bring its facilities into compliance with the ADA, monetary compensation for the amount spent on the non-compliant facilities, as well as reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## IX.   CAUSE OF ACTION - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12181 et seq.) BY THE ESTATE OF BARBARA SNOW, ON BEHALF OF BARBARA SNOW

30. The Estate of Barbara Snow incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

31. Defendant's acts and omissions constitute discrimination against the deceased, Barbara Snow, on the basis of disability in violation of Title III of the ADA (42 U.S.C. § 12182) by denying the deceased, Barbara Snow, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

32. Defendant's failure to make reasonable modifications in policies, practices or procedures and its failure to remove barriers where readily achievable further violate Title III of the ADA.

33. The Estate of Barbara Snow is entitled to equitable relief requiring Defendant to bring its facilities into compliance with the ADA, monetary compensation for the amount spent on the non-compliant facilities, as well as reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JEANETTE SNOW and THE ESTATE OF BARBARA SNOW respectfully request that this Court:

    i.   Declare that Defendant's actions and omissions violate Title III of the ADA, 42 U.S.C. § 12181 et seq.;

   ii.   Issue an injunction requiring Defendant to make its facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA, including but not limited to, removing architectural barriers and making reasonable modifications to policies, practices, and procedures;

  iii.   Require Defendant to refund all costs associated with the booking made by Jeanette Snow to Harrah's Resort Atlantic City (also known as Harrah's Resort & Casino);

iv.  Award Plaintiffs reasonable attorneys' fees, costs, and expenses; and

v.  Grant such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs JEANETTE SNOW and the ESTATE OF BARBARA SNOW demand a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding. The subject matter of this action was previously the subject of a report filed with the United States Department of Justice, Civil Rights Division (Record No. 402178-HMZ), and a related ADA mediation, both of which have since been closed. By letter dated on or about May 6, 2025, the Department of Justice advised that its decision to close the matter should not be construed as a determination that Defendant has not violated the ADA, and that Plaintiff Jeanette Snow retained the right to bring an action in federal district court. No other action, arbitration, or administrative proceeding concerning this matter is now pending or, to the knowledge of the undersigned, contemplated by any other party.

Dated:    07/05/2026

Respectfully Submitted,

_____

Jeanette Snow
6 Peter Cooper Road 13E
New York, NY 10010
jeanettecsheehan@gmail.com
(908) 202-1267

_____

Mitchell Snow
Executor of the Estate of Barbara Snow
6 Peter Cooper Road, Apt. 13E
New York, NY 10010